# EXHIBIT B



**THOMAS CONNELLY, ESQUIRE**
2090 Marlton Pike East, Cherry Hill, NJ 08003
**215.495.4935 (cell) | tpc@attorneytpc.com**

**February 28, 2014**

**VIA HAND DELIVERY ONLY**

**Clerk of Court**
Cumberland County Courthouse
60 West Broad Street
Bridgeton, NJ 08302

RE:  **Smith v. Riley, et al.**          |          **AMENDED COMPLAINT FILED**
     **No. CUM-L-457-12**

Dear Sir/Madam:

I represent Plaintiff, Lynette Smith in this matter.

Please find:

(XX)   Amended Complaint and Jury Demand (Original plus two copies)
(XX)   Self-addressed, stamped envelope

Kindly:

(XX)   File same
(XX)   Return "filed and conformed" copy to the legal courier from A-1 Courier

Should you have any questions in this regard, please feel free to contact me at your convenience. Thank you for your attention to the within.

Respectfully submitted,

**THOMAS CONNELLY, ESQUIRE**
Attorney for Plaintiff, Lynette Smith

TPC/tpc

cc:   Laura A. Koernig, Esq. (Via First Class Mail)
      Steve Drake, Esq. (Via First Class Mail)
      Michael G. Halpin, Esq. (Via First Class Mail)
      Dr. Hasmukhbhai Patel, M.D. (Via Certified Mail/RRR, #7010 0780 0000 3921 3476)
      Dr. Raghuraj Tomar, M.D. (Via Certified Mail/RRR, #7010 0780 0000 3921 2530)

CompleteCare Health Solutions (Via Certified Mail/RRR, #7010 0780 0000 3921 2547)
Kidney and Hypertension Specialists, PA (Via Certified Mail/RRR, #7010 0780 0000 3921 1854)
Bridgeton Family Medicine (Via Certified Mail/RRR, #7010 0780 0000 3921 1861)
File

**THOMAS CONNELLY, ESQUIRE**
2090 Marlton Pike East
Cherry Hill, NJ 08003
(215) 495-4935 (tel.)
(856) 424-4580 (fax)

**ATTORNEY FOR PLAINTIFF**

**Estate of Lynette Smith**
3131 Lexington Avenue
Vineland, NJ 08332,
                                        Plaintiff,
vs.

**Joseph P. Riley, D.O.**
1051 W. Sherman Avenue #1B
Vineland, NJ 08360,

**South Jersey Healthcare**
A New Jersey Limited Liability Company
1505 West Sherman Ave.
Vineland, NJ 08306,

**CompleteCare Health Solutions, L.L.C.**
A New Jersey Limited Liability Company
53 South Laurel Street
Bridgeton, NJ 08302,

**Kidney and Hypertension
Specialists, P.A.**
A New Jersey Professional Association
215 Laurel Heights Drive
Bridgeton, NJ 08302,

**Dr. Elis Priori, M.D.**
215 Laurel Heights Drive
Bridgeton, NJ 08302,

**Dr. Naeem Amin, M.D.**
215 Laurel Heights Drive
Bridgeton, NJ 08302,

**Dr. Hasmukhbhai Patel, M.D.**
319 Landis Avenue
Vineland, NJ 08360,

**Dr. Raghuraj Tomar, M.D.**
49 South State Street
Vineland, NJ 08360,
                                Defendants.

**SUPERIOR COURT OF NEW JERSEY**

**LAW DIVISION:  CUMBERLAND
COUNTY**

**DOCKET NO.: 457-12**

**CIVIL ACTION**

**AMENDED COMPLAINT**

<u>AMENDED COMPLAINT – PROFESSIONAL LIABILITY ACTON,</u>
<u>MEDICAL MALPRACTICE RESULTING IN WRONGFUL</u>
<u>DEATH, N.J.S.A. 2A:31-5, ET SEQ.</u>

1. Plaintiff, Estate of Lynette Smith (Lynette Smith, deceased, formerly residing at 3131 Lexington Avenue, Vineland, NJ 08332, Cumberland County, New Jersey), says:

2. At all times relevant and material hereto, defendant Joseph P. Riley, D.O. (hereinafter "Riley") was and now is a physician duly licensed to practice medicine under the law of the State of New Jersey.  He maintains an office for the practice of his profession in the City of Vineland, New Jersey.

3. Defendant, South Jersey Healthcare, L.L.C. (hereinafter "SJHC") is a New Jersey Limited Liability Company, with a business address of 1505 West Sherman Ave. Vineland, NJ 08306 in the County of Cumberland and State of New Jersey, and at all times relevant and material hereto was, and is, engaged in the practice of medicine under the laws of the State of New Jersey with an office located at said business address.

4. Defendant, CompleteCare Health Solutions, L.L.C. (hereinafter "defendant CompleteCare") is a New Jersey Limited Liability Company, with a business address of 53 South Laurel Street Bridgeton, NJ 08302, in the County of Cumberland and State of New Jersey, and at all times relevant and material hereto was, and is, engaged in the practice of medicine under the laws of the State of New Jersey with an office located at said business address.

5. Defendant, Kidney and Hypertension Specialists, P.A. is a New Jersey Professional Association, with a business address of 215 Laurel Heights Drive, Bridgeton, NJ 08302 in the County of Cumberland and State of New Jersey, and at all times relevant and material hereto

was, and is, engaged in the practice of medicine under the laws of the State of New Jersey with an office located at said business address.

6. At all times relevant and material hereto, defendant Elis Priori, M.D. (hereinafter "defendant Priori") was and now is a physician duly licensed to practice medicine under the law of the State of New Jersey, maintaining an office for the practice of her profession in the City of Bridgeton, New Jersey, and employed by defendants CompleteCare Health Solutions, L.L.C. and/or defendant Kidney and Hypertension Specialists, P.A..

7. At all times relevant and material hereto, defendant Naeem Amin, M.D. (hereinafter "defendant Amin") was and now is a physician duly licensed to practice medicine under the law of the State of New Jersey, maintaining an office for the practice of his profession in the City of Bridgeton, New Jersey, and acted as an agent, servant, and/or employee of defendant CompleteCare Health Solutions, L.L.C. and/or defendant Kidney Hypertension Specialists, P.A.

8. At all times relevant and material hereto, defendant Hasmukhbhai Patel, M.D. (hereinafter "defendant Patel") was and now is a physician duly licensed to practice medicine under the law of the State of New Jersey, maintaining an office for the practice of his profession in the City of Vineland, New Jersey, and acted as an agent, servant, and/or employee of defendant CompleteCare Health Solutions, L.L.C.

9. At all times relevant and material hereto, defendant Raghuraj Tomar, M.D. (hereinafter "Tomar") was and now is a physician duly licensed to practice medicine under the law of the State of New Jersey, maintaining an office for the practice of his profession in the City of Vineland, New Jersey, located at 49 South State Street Vineland, NJ 08360.

10. At all times relevant and material hereto, defendant Hasmukhbhai Patel, M.D. professed and held himself out to the public and to the Lynette Smith as being skilled, careful

and diligent in the practice of his profession as physician. Specifically, defendant held himself out as one who practiced specially in the area of general practice and/or family medicine.

11.    At all times relevant and material hereto, defendant Raghuraj Tomar, M.D. professed and held himself out to the public and to the Lynette Smith as being skilled, careful and diligent in the practice of his profession as physician. Specifically, defendant held himself out as one who practiced specially in the area of general practice and/or family medicine.

12.  At all times relevant and material hereto, defendant Elis Priori, M.D. professed and held herself out to the public and to the Lynette Smith as being skilled, careful and diligent in the practice of his profession as physician. Specifically, defendant held herself out as one who practiced specially in the area of nephrology.

13.  At all times relevant and material hereto, defendant Naeem Amin, M.D. professed and held himself out to the public and to the Lynette Smith as being skilled, careful and diligent in the practice of his profession as physician. Specifically, defendant held himself out as one who practiced specially in the area of nephrology.

14.  By reason of the relationship between SJHC and the surgical support staff of Bridgeton Hospital, SJHC is liable for the negligent acts, omissions and/or false and/or fraudulent representations of the surgical support staff of Bridgeton Hospital.

15.  By reason of the relationship between defendant CompleteCare and defendants Patel and Tomar, defendant CompleteCare is liable for the negligent acts, omissions and/or false and/or fraudulent representations of defendants Patel and Tomar.

16.  By reason of the relationship between defendant Kidney and Hypertension Specialists and defendants Priori and Amin, defendant Kidney and Hypertension Specialists is

liable for the negligent acts, omissions and/or false and/or fraudulent representations of defendants Priori and Amin.

17. By reason of the relationship between SJHC and the defendants Patel, Tomar, Priori, and Amin, SJHC is liable for the negligent acts, omissions and/or false and/or fraudulent representations of defendants Patel, Tomar, Priori, and Amin.

### FIRST COUNT

### ESTATE OF LYNETTE SMITH AGAINST DEFENDANTS RILEY AND BRIDGETON FAMILY MEDICINE - WRONGFUL DEATH, FAILURE TO REMOVE FOREIGN OBJECT USED DURING SURGERY.

18. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

19. At all times relevant and material hereto, Defendant Joseph P. Riley, D.O. professed and held himself out to the public and to Lynette Smith (hereinafter "Lynette Smith" or "decedent" as being skilled, careful and diligent in the practice of his profession as physician. Specifically, defendant held himself out as one who practiced specially in the area of gynecological surgery.

20. On August 27, 2003 Lynette Smith placed herself under the care of and employed Defendant Riley as a gynecological physician and surgeon to perform a hysterectomy upon Lynette Smith.

21. Riley, after examining Lynette Smith recommended that a hysterectomy be performed soon thereafter.

22. On September 9, 2003, Riley performed surgery on Lynette Smith at a medical facility formerly, and at that time, known as "Bridgeton Hospital." The facility formerly known as Bridgeton Hospital is currently owned and operated by SJHC under the name "Bridgeton Health Center."

23. Riley, in his treatment of Lynette Smith did personally and by and through his agents, servants and employees, negligently fail to exercise ordinary care, and otherwise failed to exercise the degree of care commonly exercised by other surgeons in like cases having regard to the existing state of knowledge in medicine and surgery in that he permitted Lynette Smith to be released from the operating room with a metallic surgical suture and/or clamp remaining in Lynette Smith's body, which impinged upon her left ureter causing the death of the left kidney.

24. As a direct and proximate result of the aforesaid defendants' negligence, Lynette Smith was caused to suffer urinary retention, and/or complete failure of Lynette Smith's left kidney, and/or eventual removal of said kidney.

25. As a direct and proximate result of the foregoing negligent acts and/or omissions, Lynette Smith died on January 20, 2014.

26. Subsequent to discovery of Lynette Smith's failing left kidney in 2008, Lynette Smith was repeatedly told by her doctors, including but not limited to defendants Riley, SJHC, CompleteCare, Kidney and Hypertension Specialists, Priori, Amin, Patel, and Tomar that Lynette Smith's renal insufficiency was caused by her diabetes, or urinary retention, but none of the defendant physicians or medical staff members told Lynette Smith that her renal insufficiency might be caused by the metallic clamp and/or suture left in her body after the 2003 hysterectomy.

27. In January or February of 2011, Lynette Smith was seen at SJHC's Vineland Emergency Room facility. During this visit, Lynette Smith asked an unknown physician whether her kidney failure may have been due to the surgical clamp that had showed up on previous radiology reports, and which was left in her body after her 2003 hysterectomy. This doctor explained to Lynette Smith that her kidney failure may have been due to the surgical clamp, and not solely due to her diabetes and high blood pressure.

28. It was not until this physician explained this to Lynette Smith that she discovered her renal insufficiency and/or failure was likely the result of the negligence of defendants, and not diabetes, high blood pressure, or urinary retention, as she had been previously told by her doctors.

29. Lynette Smith's death was caused by the aforesaid wrongful acts and/or omissions of said defendant(s), and said act and/or omissions would have entitled Lynette Smith to maintain an action for damages resulting from the injury.

30. Due to their aforesaid act and/or omissions, the aforesaid defendant(s) are liable to the Estate of Lynette Smith for the monetary contributions which Lynette Smith might reasonably have been expected to make to her survivors had she lived.

31. Due to their aforesaid act and/or omissions, the aforesaid defendants are liable to the Estate of Lynette Smith for (a) loss of household services, (b) loss of financial support, (c) loss of companionship, (d) loss of guidance, and (e) loss of inheritance, (f) together with the hospital, medical, and funeral expenses incurred for the deceased.

32. Due to their aforesaid act and/or omissions, the aforesaid defendants are liable to the Estate of Lynette Smith for the decedent's pain and suffering between the time of injury and the death, loss of earning capacity, out-of-pocket expenses, and loss of enjoyment of life.

33. The aforesaid negligent acts and/or omissions of the aforesaid defendants were reckless, wanton, and egregious, and in total disregard of Lynette Smith's health and welfare.

34. Due to their aforesaid act and/or omissions, the aforesaid defendants are liable to the Estate of Lynette Smith for punitive damages.

**WHEREFORE**, Plaintiff requests judgment against the aforesaid defendants for damages, together with attorney's fees, costs of suit, punitive damages, and such other and further relief as the court may deem proper.

**SECOND COUNT**

**ESTATE OF LYNETTE SMITH AGAINST DEFENDANT
SOUTH JERSEY HEALTHCARE – WRONGFUL DEATH,
FAILURE TO REMOVE FOREIGN OBJECT USED DURING
SURGERY.**

35. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

36. Prior to a 2005 merger with SJHC, Bridgeton Hospital was a non-profit hospital operating under the laws of the state of New Jersey.

37. On September 9, 2003, Lynette Smith underwent surgery at Bridgeton Hospital under the care of Riley.

38. During the operation, Defendant Riley was assisted by various members of Bridgeton Hospital's staff.

39. The employees of Bridgeton Hospital negligently failed to exercise ordinary care, and otherwise failed to exercise the degree of care commonly exercised by operating room personnel in like cases having regard to the existing state of knowledge in medicine and surgery

in that they permitted Lynette Smith to be released from the operating room with a metallic surgical suture and/or clamp remaining in her body.

40. As a direct and proximate result of Bridgeton Hospital's negligence, Lynette Smith was caused to suffer urinary retention, and/or complete failure of Lynette Smith's left kidney, and/or eventual removal of said kidney.

41. As a direct and proximate result of the foregoing negligent acts and/or omissions, Lynette Smith died on January 20, 2014.

42. In 2005, SJHC acquired Bridgeton Hospital in a merger, thereby acquiring all of Bridgeton Hospital's existing assets and liabilities.

43. At all times subsequent to the 2005 merger of Bridgeton Hospital and SJHC, SJHC has owned and the medical facility formerly known as "Bridgeton Hospital," now known as "Bridgeton Medical Center."

44. As a result of its 2005 merger with Bridgeton Hospital, SJHC has assumed the liabilities of Bridgeton Hospital, including liability for past negligence of the employees of Bridgeton Hospital.

45. Lynette Smith's death was caused by the aforesaid wrongful acts and/or omissions of said defendant(s), and said act and/or omissions would have entitled Lynette Smith to maintain an action for damages resulting from the injury.

46. Due to their aforesaid act and/or omissions, the aforesaid defendant(s) are liable to the Estate of Lynette Smith for the monetary contributions which Lynette Smith might reasonably have been expected to make to her survivors had she lived.

47. Due to their aforesaid act and/or omissions, the aforesaid defendants are liable to the Estate of Lynette Smith for (a) loss of household services, (b) loss of financial support, (c) loss of companionship, (d) loss of guidance, and (e) loss of inheritance, (f) together with the hospital, medical, and funeral expenses incurred for the deceased.

48. Due to their aforesaid act and/or omissions, the aforesaid defendants are liable to the Estate of Lynette Smith for the decedent's pain and suffering between the time of injury and the death, loss of earning capacity, out-of-pocket expenses, and loss of enjoyment of life.

49. The aforesaid negligent acts and/or omissions of the aforesaid defendants were reckless, wanton, and egregious, and in total disregard of Lynette Smith's health and welfare.

50. Due to their aforesaid act and/or omissions, the aforesaid defendants are liable to the Estate of Lynette Smith for punitive damages.

**WHEREFORE**, Plaintiff requests judgment against the aforesaid defendants for damages, together with attorney's fees, costs of suit, punitive damages, and such other and further relief as the court may deem proper.

## THIRD COUNT

### ESTATE OF LYNETTE SMITH AGAINST ALL DEFENDANTS – WRONGFUL DEATH, FAILURE TO USE DUE CARE OR SKILL IN TREATING AND DIAGNOSING ILLNESS.

51. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully set forth herein.

52. On or about September 25, 2003, subsequent to hysterectomy surgery, Lynette Smith returned to Defendant Riley's office complaining of abdominal pain, and was told that this symptom was normal, and to be ignored.

53. On or about November 13, 2003, subsequent to hysterectomy surgery, Lynette Smith returned to Riley's office again complaining of abdominal pain, and was told that this symptom was normal, and to be ignored.

54. Lynette Smith employed defendant CompleteCare, including but not limited to defendants Patel and Tomar, as her primary care physicians between the 2003 hysterectomy and the present.

55. At numerous office visits to defendant CompleteCare and/or defendants Patel and Tomar, Lynette Smith was treated for persistent complaints of abdominal pain, nausea, constipation, and thirst.

56. Subsequent to the 2003 hysterectomy, Lynette Smith repeatedly complained of symptoms including but not limited to extreme recurring nausea, vomiting, constipation, thirst, and abdominal pain to various CompleteCare agents and/or employees, and defendants Patel and Tomar.

57. Despite Lynette Smith's symptoms indicating renal insufficiency and/or failure, agents and/or employees of defendant CompleteCare, including but not limited to defendants Patel and Tomar, failed to refer Lynette Smith to a kidney specialist and/or nephrologist, and also failed to refer Lynette Smith for diagnostic tests which would have revealed renal insufficiency, although by the use of ordinary skill and care the renal failure and/or insufficiency could easily have been discovered by said actions.

58. In February of 2008, Lynette Smith presented to South Jersey Healthcare's Vineland, New Jersey emergency room facility, complaining extreme recurring nausea, vomiting, constipation, thirst, and abdominal pain. Lynette Smith was referred for a CT scan to be performed by SJHC for suspected renal failure from which Lynette Smith then suffered, and for that purpose said defendants, as a physician and surgeon, undertook to attend and cure Lynette Smith.

59. At all relevant times after 2005, Bridgeton Health Center was a facility owned and operated by SJHC.

60. Bridgeton Health Center employees, acting on behalf of SJHC, ordered an ultrasound of Lynette Smith's kidneys which showed moderate to severe left hydronephrosis with marked cortical thinning.

61. Shortly thereafter, Lynette Smith was referred to Defendant Kidney and Hypertension Specialists for treatment of renal insufficiency.

62. Upon examining Lynette Smith, agents and/or employees of defendant Kidney and Hypertension Specialists stated to Lynette Smith that her failing left kidney was the result of diabetes and/or urinary retention. Despite the fact that only Lynette Smith's left kidney suffered impairment, and that a metallic surgical clamp was detected on Lynette Smith's left side, no agent or employee of defendant Kidney and Hypertension Specialist, or any other physician seen by Lynette Smith prior to 2011, informed Lynette Smith that her kidney may be failing as a result of the surgical clamp and/or suture present in her body and commented on by previous radiology reports.

63. Subsequent to the 2003 hysterectomy, Lynette Smith employed defendants Riley, SJHC, CompleteCare, Kidney and Hypertension Specialists, Priori, Amin, Patel, and Tomar for

compensation as a physician and/or surgeon to cure Lynette Smith of recurring nausea, vomiting, constipation, thirst, and abdominal pain, and for that purpose said defendants, as a physician and/or surgeon, undertook to attend and cure Lynette Smith.

64. Defendants Riley, SJHC, CompleteCare, Kidney and Hypertension Specialists, Priori, Amin, Patel, and Tomar carelessly, negligently, improperly, and unlawfully failed to timely diagnose Lynette Smith's renal insufficiency and failed to adequately respond to Lynette Smith's persistent complaints of abdominal pain, nausea, vomiting, and constipation subsequent to her 2003 hysterectomy.

65. Between 2003 and 2008, defendants Riley, SJHC, CompleteCare, Kidney and Hypertension Specialists, Priori, Amin, Patel, and Tomar carelessly, negligently, improperly, and unlawfully failed to secure another analysis of Lynette Smith's radiologic testing and/or laboratory tests.

66. On numerous occasions, defendants Riley, SJHC, CompleteCare, Kidney and Hypertension Specialists, Priori, Amin, Patel, and Tomar falsely and fraudulently represented to Lynette Smith that her renal insufficiency and/or failure was caused by diabetes and/or urinary retention alone, and Lynette Smith relied on the false and fraudulent representation to Lynette Smith's detriment.

67. Defendants Riley, SJHC, CompleteCare, Kidney and Hypertension Specialists, Priori, Amin, Patel, and Tomar acted fraudulently, carelessly, negligently, improperly, and unlawfully in failing to advise Lynette Smith that her renal impairment may have been the result of a metallic surgical clamp and/or suture left in her body following the 2003 hysterectomy.

68. Defendants Riley, SJHC, CompleteCare, Kidney and Hypertension Specialists, Priori, Amin, Patel, and Tomar were negligent in endeavoring to cure Lynette Smith of Lynette

Smith's illness, in that said defendants failed to exercise the degree of care and skill, or to possess the degree of knowledge ordinarily exercised or possessed by other physicians and surgeons in the County of Cumberland and State of New Jersey, or like localities. Defendants were negligent in that said defendants.

      a. Failed to properly diagnose and treat Lynette Smith's renal failure and/or insufficiency;

      b. Failed to properly diagnose and treat Lynette Smith's renal failure and/or insufficiency by referring her to an appropriate specialist and/or for appropriate diagnostic testing;

      c. Failed to properly diagnose and treat Lynette Smith's renal failure and/or insufficiency by addressing the metallic surgical clamp or suture that likely led to Lynette Smith's renal impairment;

      d. Failed to timely diagnose Lynette Smith's renal failure and/or insufficiency based on her persistent complaints from of abdominal pain, nausea, vomiting, thirst, and/or constipation, from 2003-2008, and promptly refer her for diagnostic tests or to an appropriate specialist, which would have revealed said condition.

67. By reason of the negligence and false and fraudulent representations and omissions of defendants Riley, SJHC, CompleteCare, Kidney and Hypertension Specialists, Priori, Amin, Patel, and Tomar and each of them, and as a proximate result thereof, Lynette Smith was unable to obtain prompt and proper medical care and treatment of her renal impairment in the early stages by reason of reliance on the false and fraudulent representations and omissions of said defendants.

68.  The above-named defendants, in their treatment of Lynette Smith did personally and by and through their agents, servants and employees, negligently fail to exercise ordinary care, and otherwise failed to exercise the degree of care commonly exercised by other surgeons in like cases having regard to the existing state of knowledge in medicine and surgery in that he permitted Lynette Smith to be released from the operating room with a metallic surgical suture and/or clamp remaining in Lynette Smith's body, which impinged upon her left ureter causing the death of the left kidney.

69.  As a direct and proximate result of the treatment by defendants Riley, SJHC, CompleteCare, Kidney and Hypertension Specialists, Priori, Amin, Patel, and Tomar, Lynette Smith has lost functioning of her left kidney and was injured in her health and activity, suffered great mental anguish and physical pain, was weakened in body, and was obliged to, and did, spend substantial sums of money in endeavoring to be cured of the sickness, which was prolonged and increased by defendant's unskillful and improper conduct, all to Lynette Smith's great monetary damage.

70.  As a direct and proximate result of the carelessness, negligence, and false and fraudulent representations and omissions of defendants Riley, SJHC, CompleteCare, Kidney and Hypertension Specialists, Priori, Amin, Patel, and Tomar, and each of them, Lynette Smith died on January 20, 2014.

71. Lynette Smith's death was caused by the aforesaid wrongful acts and/or omissions of said defendant(s), and said act and/or omissions would have entitled Lynette Smith to maintain an action for damages resulting from the injury.

72. Due to their aforesaid act and/or omissions, the aforesaid defendant(s) are liable to the Estate of Lynette Smith for the monetary contributions which Lynette Smith might reasonably have been expected to make to her survivors had she lived.

73. Due to their aforesaid act and/or omissions, the aforesaid defendants are liable to the Estate of Lynette Smith for (a) loss of household services, (b) loss of financial support, (c) loss of companionship, (d) loss of guidance, and (e) loss of inheritance, (f) together with the hospital, medical, and funeral expenses incurred for the deceased.

74. Due to their aforesaid act and/or omissions, the aforesaid defendants are liable to the Estate of Lynette Smith for the decedent's pain and suffering between the time of injury and the death, loss of earning capacity, out-of-pocket expenses, and loss of enjoyment of life.

75. The aforesaid negligent acts and/or omissions of the aforesaid defendants were reckless, wanton, and egregious, and in total disregard of Lynette Smith's health and welfare.

76. Due to their aforesaid act and/or omissions, the aforesaid defendants are liable to the Estate of Lynette Smith for punitive damages.

**WHEREFORE**, Plaintiff requests judgment against the aforesaid defendants for damages, together with attorney's fees, costs of suit, punitive damages, and such other and further relief as the court may deem proper.

Respectfully submitted,

Dated: <u>February 28, 2014</u>        By:   _____

**THOMAS CONNELLY, ESQUIRE**

## CERTIFICATION — NO OTHER ACTION TAKEN (R. 4:5-1)

The Plaintiff hereby certifies that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. The Plaintiff further certifies that it has no knowledge of any contemplated action or arbitration proceeding which is contemplated regarding the subject matter of this action. The Plaintiff further certifies that it is not aware of any other parties who should be joined in this action.

Respectfully submitted,

Dated: **February 28, 2014**      By:  _____

**THOMAS CONNELLY, ESQUIRE**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues in the above matter.

Respectfully submitted,

Dated: <u>February 28, 2014</u>    By:    _____

**THOMAS CONNELLY, ESQUIRE**

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to New Jersey Court Rule 4:10-2(b), demand is made that defendant disclose to Lynette Smith's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Lynette Smith's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

Respectfully submitted,

Dated: **February 28, 2014**       By:       _____

**THOMAS CONNELLY, ESQUIRE**

## DESIGNATION OF TRIAL ATTORNEY

In accordance with Rule 4:25-4 Thomas Connelly, Esquire, is hereby designated as trial counsel for the Lynette Smith, Lynette Smith, in the above matter.

Respectfully submitted,

Dated: February 28, 2014          By:    _____

THOMAS CONNELLY, ESQUIRE

## CERTIFICATE OF MAILING

I, Thomas Connelly, Esquire, of full age, hereby certify that I am the Attorney for the Lynette Smith in the above captioned matter, and that on **February 28, 2014**, I mailed a true and correct copy of Plantiff's Amended Complaint via First Class Mail, postage prepaid to all unrepresented parties and counsel of record, all counsel having been served by First Class Mail, and all unrepresented parties being served by Certified U.S. Mail, return receipts requested.

**Laura A. Koernig, Esq.**
Stahl & DeLaurentis, P.C.
10 E. Clements Bridge Road
Runnemede, NJ 08078

**Steve Drake, Esq.**
Drake Law Firm
29 North Shore Road
Absecon, NJ 08201

**Dr. Raghuraj Tomar, M.D.**
49 South State Street
Vineland, NJ 08360

**Kidney and Hypertension Specialists, P.A.**
215 Laurel Heights Drive
Bridgeton, NJ 08302

**Michael G. Halpin, Esq.**
Grossman & Heavey, P.C.
1608 Highway 88 West, Suite 200
Brick, NJ 08724

**Dr. Hasmukhbhai Patel, M.D.**
319 Landis Avenue
Vineland, NJ 08360

**CompleteCare Health Solutions,**
53 South Laurel Street
Bridgeton, NJ 08302

**Bridgeton Family Medicine**
215 Laurel Heights Drive
Bridgeton, NJ 08302

Respectfully submitted,

Dated: <u>February 28, 2014</u>      By: _____

**THOMAS CONNELLY, ESQUIRE**