UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
_____

ESTATE OF LYNETTE SMITH,

                Plaintiff,           Civil No. 14-7247 (NLH/KMW)

v.

RILEY, D.O., at al.             **OPINION**

                Defendants.

_____


**APPEARANCES:**

THOMAS P. CONNELLY, JR., ESQUIRE
2090 MARLTON PIKE EAST
CHERRY HILL, NJ 08003

        *Counsel for Plaintiff*

PAUL J. FISHMAN
UNITED STATES ATTORNEY
    By ANNE B. TAYLOR, ASSISTANT U.S. ATTORNEY
401 MARKET STREET
P.O. BOX 2098
CAMDEN, NJ 08101

        *Counsel for Defendant United States of America*

SCOTT C. BUSHELLI, ESQUIRE
STAHL & DELAURENTIS, PC
10 E. CLEMENTS BRIDGE ROAD
RUNNEMEDE, NJ 08078

        *Counsel for Defendants Kidney and Hypertension Specialists,*
        *P.A., Dr. Elis Priori, M.D. and Dr. Naeem Amin, M.D.*

**HILLMAN, District Judge**:

        This matter comes before the Court by way of motion [Doc.

No. 2] of the United States of America seeking to substitute

itself for Defendants Hasmukhbhai Patel, M.D., Raghuraj Tomar,

1

M.D., and Community Health Care, Inc. (hereafter "Community Health"), and further seeking to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) based upon Plaintiff's failure to exhaust administrative remedies under 28 U.S.C. § 2675.  Plaintiff, the Estate of Lynette Smith, initially opposed the motion on the basis that it had no reason to know that Patel, Tomar and Community Health were federal employees acting within the scope of their employment.  In a subsequently filed affidavit [Doc. No. 18], Plaintiff stipulates to the substitution of the United States as a defendant and represents that it served notice of its claim on the United States Department of Health and Human Services, which claim was denied on April 13, 2015.  In light of this final determination, Plaintiff contends that the United States' motion to dismiss should be denied.

Also before the Court is Plaintiff's motion [Doc. No. 10] for default judgment as to Defendants Ellis Priori, M.D., Naeem Amin, M.D., and Kidney and Hypertension Specialists, P.A. (hereafter, "KHS").  This motion is opposed by Defendants Priori, Amin and KHS.

The Court has considered the submissions of the parties pursuant to Fed. R. Civ. P. 78.  For the reasons that follow, the United States' motion for substitution and dismissal will be

2

granted, and Plaintiff's motion for default judgment will be denied.

I.   **BACKGROUND**

This action was filed in the Superior Court of New Jersey, Law Division, Cumberland County, on May 22, 2012.  (Notice of Removal ¶ 1.)  The complaint was initially filed by Lynette Smith and involved claims arising out of a hysterectomy performed on Smith on September 9, 2003.  According to the original complaint, Defendant Joseph J. Riley, D.O. performed the surgery and allowed Smith to be released from the operating room with a metallic surgical suture or clamp remaining in Smith's body.[1]  (Compl. [Doc. No. 3-1] ¶ 25.)  This error purportedly caused Smith to suffer urinary retention and complete failure of her left kidney.  (Id. ¶ 26.)

Subsequent to the hysterectomy, Smith sought medical treatment from her primary care physicians, defendants Community Health, Patel and Tomar, for complaints of abdominal pain, nausea, constipation and thirst.  (Id. ¶¶ 44, 45.)  Despite Smith's symptoms, which were allegedly indicative of renal insufficiency or renal failure, Community Health, Patel and Tomar did not refer Smith to a kidney specialist or nephrologist

---

[1] The claims against Defendant Riley were dismissed without prejudice pursuant to a Stipulation of Dismissal [Doc. No. 22] filed on May 11, 2015.

and did not conduct diagnostic tests which would have revealed renal insufficiency. (Id. ¶ 47.)  In 2008, Smith presented to South Jersey Healthcare for the same symptoms, and a CT scan was performed for suspected renal failure. (Id. ¶ 48.)  Smith was then referred to KHS, where defendants Priori and Amin were employed, and although the surgical clamp was detected on her left side, she was told that her failing left kidney was the result of diabetes or urinary retention. (Id. ¶ 52.)  However, in early 2011, Smith was seen at South Jersey Healthcare's emergency room, at which time an unknown physician advised her that her kidney failure may have been due to the surgical clamp, and not solely due to diabetes or high blood pressure. (Id. ¶ 29.)

Smith thus alleged in the original complaint that the defendants failed to order several necessary diagnostic tests, which led to a worsening of her condition. (Id. ¶¶ 54-60.)  On January 20, 2014, Smith died due to complications of kidney failure. (Am. Compl. ¶¶ 24-25.)  On February 28, 2014, an amended complaint was filed, substituting as plaintiff the Estate of Lynette Smith and adding a claim for wrongful death.

On November 20, 2014, the United States removed the case to federal court.  The notice of removal was supported by a Certification by the United States Attorney's Office for the District of New Jersey that Defendants Community Health, Patel

and Tomar were "acting within the scope of their employment as employees of the United States at the time of the conduct alleged in the Complaint." (Cert. of Scope of Fed. Employment [Doc. No. 1-6].)  The United States now moves to substitute itself as a defendant and dismiss the complaint against it on the ground that Plaintiff failed to exhaust administrative remedies as required under the Federal Tort Claims Act (hereafter, "FTCA").

Also before the Court is a motion for default judgment that Plaintiff filed against Defendants Priori, Amin and KHS.  The claims against Defendants Priori and Amin were dismissed from the state court action on the basis of Smith's failure to timely obtain an affidavit of merit.  Thereafter, the complaint was amended to substitute the Estate and include a wrongful death claim.  Defendants Priori and Amin were again named as defendants in the amended complaint, and the amended complaint was served on these defendants' counsel via certified mail on February 28, 2014.  The amended complaint was served on KHS directly via certified mail sent on February 28, 2014.  Priori, Amin and KHS failed to respond to the amended complaint. Approximately one year later, Plaintiff requested the entry of default against these defendants.  Default was entered as to defendants Priori and Amin on March 4, 2015, and as to KHS on March 9, 2015.  On March 12, 2015, Plaintiff filed the present

motion for default judgment as to the three defendants who are
in default.  Counsel entered an appearance on behalf of the
defaulting defendants on March 19, 2015 and has opposed the
motion for default judgment.

## II.  <u>JURISDICTION</u>

This Court exercises jurisdiction on grounds that the
United States is a defendant and that the federal district
courts "have exclusive jurisdiction of civil actions on claims
against the United States, for money damages, accruing on and
after January 1, 1945, for injury or loss of property, or
personal injury or death caused by the negligent or wrongful act
or omission of any employee of the Government while acting
within the scope of his office or employment, under
circumstances where the United States, if a private person,
would be liable to the claimant in accordance with the law of
the place where the act or omission occurred." <u>See</u> 28 U.S.C. §
1346(b)(1).  The Court exercises supplemental jurisdiction over
Plaintiff's state law claims against the non-federal defendants
pursuant to 28 U.S.C. § 1367.

## III. <u>DISCUSSION</u>

### A. The United States' Motion to Dismiss

The United States seeks dismissal pursuant to Federal Rule
of Procedure 12(b)(1) based upon Plaintiff's failure to exhaust

administrative remedies under the FTCA before instituting suit.
Plaintiff opposes the motion and asserts that the case was filed
in state court because Smith had no reason to know that
Community Health, Patel and Tomar were federal employees acting
within the scope of their employment during the time they
treated Smith.  Plaintiff asserts that the United States'
substitution as defendant and subsequent removal of the case,
which occurred after the limitations period for filing a
complaint had expired, should not be fatal to Plaintiff's claim.
In support, Plaintiff relies on Streeper v. United States, Civ.
A. No. 87-2675, 1988 WL 71316, at *1 (E.D. Pa. July 1, 1988),
wherein the United States' motion to dismiss was denied on facts
similar to those presented here.

The United States responds that Streeper was abrogated by
the Westfall Act, which establishes a procedure for a claimant
to follow if she initially filed an FTCA claim in the wrong
forum.  See 28 U.S.C. § 2679(d)(5) (creating sixty-day window to
present claim to "appropriate federal agency" to plaintiff whose
case has been dismissed for failing to follow § 2675(a)
requirements).  That procedure allows a plaintiff to present an
administrative claim after dismissal of the action in district
court.  See Arostegui v. Plotzker, Civ. A. No. 13-6528, 2014 WL
346543, at *1 (D.N.J. Jan. 29, 2014) (noting Streeper "was

7

abrogated when the Westfall Act was passed in 1988" and that
plaintiff would have remedy post-dismissal in district court).

### 1.    Standard for 12(b)(1) Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil
Procedure 12(b)(1) challenges the existence of a federal court's
subject matter jurisdiction.  Facial attacks contest the
sufficiency of the pleadings, and in reviewing such attacks, the
Court accepts the allegations as true.  Common Cause of Pa. v.
Pennsylvania, 558 F.3d 249, 257 (3d Cir.), cert. denied, 558
U.S. 1091, 130 S. Ct. 1015, 175 L. Ed. 2d 618 (2009).  Factual
attacks, on the other hand, require the Court to weigh the
evidence at its discretion, meaning that the allegations in the
complaint have no presumptive truthfulness.  See Mortensen v.
First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).
Although the facts here are not in dispute, the Court
characterizes Defendant's motion as a factual attack since the
Court is required to review evidence outside the pleadings.  See
U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 512
(3d Cir. 2007).

### 2.    Federal Tort Claims Act

"It is generally well-accepted that the United States is
immune from suit unless that immunity is waived by Congress."
Robel v. D'Emilia, Civ. A. No. 12-0716, 2012 WL 3066579, at *3
(citing United States v. Sherwood, 312 U.S. 584, 585, 61 S. Ct.

767, 85 L. Ed. 1058 (1941)). "Absent such a waiver, though, federal courts lack subject matter jurisdiction over claims against the federal government." Id. (citing United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980)). The FTCA creates such a limited waiver and confers federal court jurisdiction "'in a defined category of cases involving negligence committed by federal employees in the course of their employment.'" Id. (quoting Dolan v. U.S. Postal Serv., 546 U.S. 481, 484, 126 S. Ct. 1252, 163 L. Ed. 2d 1079 (2006) (referencing 28 U.S.C. § 1346(b)(1)).

However, before this remedy is available an individual must file a tort claim with the appropriate federal agency. Robel, 2012 WL 3066579, at *2 (citing 28 U.S.C. § 2675(a)). "Only after the federal agency denies or fails to resolve the claim within six months may the individual file an action in the District Court." Id. (citing Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir. 2009)). "[A]n agency's final denial of a tort claim is a jurisdictional requirement that cannot be waived." Id. (citing Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009)).

In 1988, Congress passed the Federal Employees Liability Reform and Tort Compensation Act (the "Westfall Act"), which provides in relevant part:

> Upon certification by the Attorney General
> that the defendant employee was acting
> within the scope of his office or employment
> at the time of the incident out of which the
> claim arose, any civil action or proceeding
> commenced upon such claim in a State court
> shall be removed without bond at any time
> before trial by the Attorney General to the
> district court of the United States for the
> district and division embracing the place in
> which the action or proceeding is pending.
> Such action or proceeding shall be deemed to
> be an action or proceeding brought against
> the United States under the provisions of
> this title and all references thereto, and
> the United States shall be substituted as
> the party defendant.  This certification of
> the Attorney General shall conclusively
> establish scope of office or employment for
> purposes of removal.

28 U.S.C. § 2679(d)(2).  Additionally, under the Westfall Act,

if an action is dismissed for failure to present an

administrative claim under Section 2675(a), the claim may

nonetheless be deemed timely presented if "(A) the claim would

have been timely had it been filed on the date the underlying

civil action was commenced, and (B) the claim is presented to

the appropriate Federal agency within 60 days after dismissal of

the civil action."  28 U.S.C. § 2679(d)(5).

   In this case, as stated in the Certification filed by the

United States Attorney's Office for the District of New Jersey,

Defendants Patel, Tomar, and Community Health were acting within

the scope of their employment as employees of the United States

at the time of conduct alleged in the complaint.  Pursuant to

the Westfall Act, this Certification conclusively establishes
the scope of employment for purposes of removal.  Plaintiff does
not challenge the substitution of the United States as a
defendant and does not argue that Defendants Patel, Tomar or
Community Health were not acting within the scope of their
federal employment.[2]

Instead, Plaintiff cites to Streeper for the proposition
that the Court must not dismiss this action because doing so
would purportedly render Plaintiff's claims time-barred.
However, as noted by the United States, Streeper was abrogated
when the Westfall Act was passed in 1988.  Arostegui, 2014 WL
346543, at *3.  The Westfall Act provides a procedural mechanism
for Plaintiff to file a timely claim, and Plaintiff's claims
against the United States therefore would not be time-barred if
dismissed at this time.[3]  The Court thus rejects Plaintiff's
argument in opposition to the motion to dismiss.

---

[2] In opposition to the motion, Plaintiff initially requested
discovery to determine whether Defendants Patel, Tomar and
Community Health were acting within the scope of their
employment, but Plaintiff thereafter stipulated to the
substitution of the United States as a defendant.  Accordingly,
it appears that Plaintiff has withdrawn any challenge to the
propriety of the United States' substitution or the
representation that Defendants Patel, Tomar and Community Health
were acting within the scope of their employment at all relevant
times.

[3] As Smith allegedly learned of the defendants' purported
negligence in January or February 2011 and commenced suit in
state court in May 2012, well within the two-year statute of

Because the United States is the proper defendant in this matter, Plaintiff was required to first present a claim in writing to the appropriate federal agency, which the United States represents is the Department of Health and Human Services.  It does not appear that a tort claim was filed by Plaintiff before this civil action was filed in state court. Plaintiff's failure to file an administrative tort claim prior to filing suit divests this Court of subject matter jurisdiction over the United States.

The Court notes, however, that after the filing of the pending motion to dismiss, Plaintiff sent a notice to the Department of Health and Human Services.  By letter dated April 13, 2015 [Doc. No. 18], Plaintiff was notified that the administrative tort claim was denied.  Based upon this letter, Plaintiff takes the position that it has exhausted its administrative remedies and that the United States' motion to dismiss should therefore be denied.

---

limitations for negligence actions, Plaintiff satisfies the requirement of 28 U.S.C. § 2679(d)(5)(A) that the claim would have been timely had it been filed on the date the underlying civil action was commenced.  Plaintiff has also complied with the requirement of 28 U.S.C. § 2679(d)(5)(B) that the claim must be presented to the appropriate federal agency within sixty days after dismissal of the civil action, as Plaintiff has already presented its claim to the Department of Health and Human Services.

While the Department of Health and Human Services has now rendered a final agency decision on Plaintiff's claims, Plaintiff lacked a final agency denial at the time this action was filed.  Although Plaintiff attempted to cure this defect, Plaintiff failed to satisfy the strict requirement that administrative exhaustion be completed before a party may institute a civil action against the United States.  Wadhwa v. Nicholson, 367 F. App'x 322, 324 (3d Cir. 2010) (affirming district court's dismissal of action for failure to exhaust administrative remedies, even though plaintiffs subsequently initiated administrative proceeding, because plaintiffs "had not received the necessary final denial of their administrative claim at the time they filed their complaint.").[4]  The Court will

_____

[4] The Court recognizes that Wadwha is distinguishable because Plaintiff here already received a final notice of denial from the agency, whereas the Wadhwa plaintiffs lacked a final agency decision at the time their case was dismissed and the district court refused to stay the proceedings until the plaintiffs received a final agency decision.  Under the circumstances presented in this case, dismissal of the claims against the United States is merely a procedural exercise as Plaintiff may presently re-file the claims against the United States.  However, the Third Circuit has made clear that "administrative exhaustion must be complete before a party may institute a civil action in District Court under the FTCA." Wadhwa, 367 F. App'x at 325 (citing McNeil v. United States, 508 U.S. 106, 112-13, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993)) (emphasis in original).  Absent clear directive from the Third Circuit otherwise, the Court feels bound to dismiss the claims against the United States, without prejudice to Plaintiff's right to re-file such claims now that it has received the necessary final denial of its administrative claim.

therefore dismiss without prejudice the claims against the
United States for lack of subject matter jurisdiction.

### 3. Supplemental Jurisdiction

Because the Court has dismissed the claims against the
federal defendant, there is no longer a federal jurisdictional
hook in this case.  The only remaining claims are state-law
claims against non-diverse parties.  The Court must therefore
determine whether to decline to exercise supplemental
jurisdiction over the remaining claims.  28 U.S.C. § 1367(c)(3).
"Section 1367(c) grants district courts the discretion to refuse
to exercise supplemental jurisdiction when 'values of judicial
economy, convenience, fairness, and comity' counsel that the
district court remand state claims to a state forum." Hudson
United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 157 (3d Cir.
1998) (citing City of Chicago v. Int'l College of Surgeons, 522
U.S. 156, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997)).

In cases pending in this District, including one before the
undersigned, courts have declined to exercise supplemental
jurisdiction under circumstances similar to those presented
here, and such actions were remanded pursuant to 28 U.S.C. §
1367(c)(3).  See Arostegui, 2014 WL 346543, at *3; Robel, 2012
WL 3066579, at *3; Bender v. HUD, No. 09-5599, 2010 WL 605741,
at *2 (D.N.J. Feb. 19, 2010).  Here, however, Plaintiff has
already received a final denial notice from the Department of

Health and Human Services.  It thus appears that Plaintiff may presently assert its claims against the United States, although such claims must be brought in federal court.  If the Court remands the remaining state law claims to state court at this time, and Plaintiff thereafter files its claims against the United States in federal court, Plaintiff will be litigating cases in separate forums arising out of the same transaction or occurrence.  Considerations of judicial economy, convenience, and comity certainly weigh against this result.  Therefore, the Court at this time will retain supplemental jurisdiction over the remaining claims, which the Court anticipates will be litigated in conjunction with the claims to be filed against the United States.[5]

**B.   Plaintiff's Motion for Default Judgment**

Also before the Court is Plaintiff's motion for default judgment as to Defendants Priori, Amin and KHS.  The Court addresses the motion with respect to KHS separately from the motion as to Priori and Amin.

**1.   Defendant KHS**

Plaintiff represents in its motion for default judgment that KHS was served with the original complaint via personal

---

[5] The Court's decision to retain jurisdiction over the supplemental claims is without prejudice to any party's right to seek remand if Plaintiff fails to timely pursue its claims against the United States.

service on June 5, 2012.  When Plaintiff filed the amended
complaint adding a wrongful death claim, Plaintiff served the
pleading via certified mail.  Plaintiff's counsel represents
that KHS has not responded to the original complaint or any
process in this matter.  (Ltr. from Thomas Connelly, Esq. [Doc.
No. 21] 3 n.2, May 4, 2015.)

Before the Court can enter default judgment against a
defendant, it must first find that the defendant was properly
served with process.  Gold Kist, Inc. v. Laurinburg Oil Co.,
Inc., 756 F.2d 14, 19 (3d Cir. 1985).  In this case, at the time
the amended complaint was served, the action was pending in New
Jersey state court.  Accordingly, the Court considers whether
service of process was effected on KHS in accordance with New
Jersey state law.

Under New Jersey Court Rule 1:5-1, "[i]n all civil actions,
pleadings subsequent to the original complaint . . . shall be
served upon all attorneys of record in the action and upon
parties appearing pro se; but no service need be made on parties
who have failed to appear except that pleadings asserting new or
additional claims for relief against such parties in default
shall be served upon them in the manner provided for service of
original process."  The manner for service of original process
is delineated in New Jersey Court Rule 4:4-4, which provides
that the primary method of serving a defendant unincorporated

association like KHS is by personal service on an officer or
managing agent.  N.J. Ct. R. 4:4-4(a)(5).

Here, it appears that KHS was in default with respect to
the original complaint, but pursuant to N.J. Ct. R. 1:5-1,
Plaintiff was required to effect service of process of the
amended complaint because the new pleading added a cause of
action.  Plaintiff chose not to personally serve KHS with the
amended complaint as required under N.J. Ct. R. 4:4-4(a),
instead utilizing the "optional mailed service" method set forth
in N.J. Ct. R. 4:4-4(c).  Pursuant to this method, service may
be effected by registered, certified or ordinary mail in lieu of
personal service.  N.J. Ct. R. 4:4-4(c).  However, when a
plaintiff opts to effect service by mail, "default shall not be
entered against a defendant who fails to answer or appear in
response thereto."  Id.  Because Plaintiff only mailed the
amended complaint to KHS and did not effect personal service of
the pleading, Plaintiff may not seek default judgment against
this defendant.[6]  As such, Plaintiff's motion for default
judgment as to KHS will be denied.

_____

[6] The Court recognizes that Plaintiff served the original
complaint on KHS via personal service, but N.J. Ct. R. 1:5-1
requires an amended complaint adding new claims to be served in
accordance with N.J. Ct. R. 4:4-4.  Rule 4:4-4, in turn,
prohibits the entry of default with respect to a pleading that
was only served via mail.  Plaintiff cites no authority to
demonstrate that default judgment may be entered when an amended

## 2.   Defendants Priori and Amin

Approximately one year after the claims against Defendants Priori and Amin were dismissed with prejudice, Plaintiff filed an amended complaint and served these defendants by mailing the amended complaint to counsel.  Priori and Amin argue that because the claims against them were dismissed with prejudice, there was already a determination of liability and Plaintiff should not now be entitled to "a second bite at the proverbial apple." (Defs.' Br. in Opp. to Mot. for Default J. [Doc. No. 13] 16.)  Additionally, Priori and Amin contend that because they were no longer parties to the state court action, Plaintiff was required to serve them properly and could not merely send a copy of the amended complaint to counsel.  (Id.)

In response, Plaintiff asserts that the prior dismissal of the malpractice claim against Priori and Amin does not bar the wrongful death claim, as the wrongful death claim is an independent cause of action.  Plaintiff also asserts that service of the amended complaint, through counsel, was appropriate, that Priori and Amin failed to respond to the amended complaint in two years,[7] and that Plaintiff would be

complaint adding a new claim is only served on a defaulting party by mail.

[7] Plaintiff did not amend the complaint or attempt service thereof until 2014.  Therefore, Plaintiff's representation that

prejudiced by allowing these defendants to answer the amended
complaint at this time because discovery has since concluded.

The Court first addresses whether Priori and Amin were
properly served with process.  As noted above, the malpractice
claims against Priori and Amin were dismissed with prejudice, so
at the time Plaintiff filed the amended complaint Priori and
Amin were no longer parties to this action.  Plaintiff argues
that service upon Priori's and Amin's counsel was nonetheless
sufficient, citing N.J. Ct. R. 1:5-1 and N.J. Ct. R. 1:5-2.
Rule 1:5-1(a) provides that pleadings subsequent to the original
complaint must be served upon all attorneys of record in the
action, and Rule 1:5-2 provides that service upon an attorney
may be made via ordinary mail.  These rules, however,
contemplate that service upon counsel is appropriate with
respect to parties who are currently parties to the action.  The
rules do not address whether service of an amended pleading upon
attorneys is sufficient when their clients are no longer parties
in the case.

When Plaintiff amended the complaint to assert a wrongful
death claim, which Plaintiff contends is wholly independent of
the negligence claim, Plaintiff essentially brought Priori and
Amin in as new parties.  Indeed, had Priori and Amin been the

---

Priori and Amin did not respond to the amended complaint for two
years is mistaken.

only defendants in this action, the case would have been closed
when the claims against them were dismissed with prejudice.  In
that instance, to bring a wrongful death claim, Plaintiff would
have had to file a new complaint and serve process upon Priori
and Amin in accordance with N.J. Ct. R. 4:4-4.  Instead, the
case was left open because the complaint contained claims
against other defendants, thereby allowing Plaintiff to amend
the complaint rather than file a new action.  However, Plaintiff
may not, by virtue of this procedural circumstance, circumvent
the requirements of the service of process rules -- which not
only serve to provide notice but also serve to bring Priori and
Amin back within the Court's in personam jurisdiction.

As the party seeking default judgment, Plaintiff bears the
burden of establishing sufficient service of process.  Anderson
v. Mercer Cnty. Sheriff's Dep't, No. 11-7620, 2013 WL 5703615,
at *3 (D.N.J. Oct.17, 2013).  Plaintiff has provided no
authority to support the argument that service via ordinary mail
upon counsel for Priori and Amin was sufficient when the claims
against these defendants had been dismissed with prejudice
nearly one year prior.  Accordingly, Plaintiff has not
demonstrated that entry of default judgment is warranted.

Furthermore, the factors that the Court must consider in
deciding whether to enter default judgment do not support entry
of default judgment.  These factors include: "(1) prejudice to

the plaintiff if default is denied, (2) whether the defendant
appears to have a litigable defense, and (3) whether defendant's
delay is due to culpable conduct." <u>Chamberlain v. Giampapa</u>, 210
F.3d 154, 164 (3d Cir. 2000).

With respect to the first factor, Plaintiff asserts that it
is prejudiced because discovery is now complete.  Plaintiff,
however, waited approximately one year to seek default against
Priori and Amin, and any alleged prejudice resulting from delay
is disingenuous when Plaintiff sat on its rights for nearly a
year.  Moreover, it appears that Plaintiff still intends to
litigate its claims against the United States and presumably
will engage in discovery with respect to such claims.  Under
these circumstances, Plaintiff fails to articulate prejudice
sufficient to weigh in favor of default judgment.

With respect to the second factor, Priori and Amin argue
that the negligence claim in the amended complaint is barred
because such claim was dismissed with prejudice in the trial
court.  Priori and Amin also contend that the wrongful death
claim is barred because of the dismissal of the negligence
claim.  Plaintiff responds that the negligence claim was
dismissed only because of Smith's failure to obtain an affidavit
of merit, and this dismissal on procedural rather than
substantive grounds does not bar a wrongful death claim.  While
the parties have thoroughly briefed this issue, the Court need

not decide at this time whether dismissal of the negligence
claim based on the failure to obtain an affidavit of merit bars
a subsequent wrongful death claim.  It is sufficient for
purposes of the motion for default judgment to note in light of
this contested issue that Priori and Amin have a litigable
defense to the claims in the amended complaint.

As to the third factor, the Court finds that the delay in
responding to the amended complaint is excusable.  First, as
noted above, Plaintiff fails to demonstrate that Priori and Amin
were properly served with the amended complaint.  Even assuming
that service upon counsel was proper, it is understandable that
counsel may not have recognized a need to respond to the amended
complaint when all claims against Priori and Amin had been
previously been dismissed with prejudice.  In addition, as soon
as Plaintiff moved for default judgment, counsel for Priori and
Amin entered an appearance in this matter and have attempted to
defend against the claims.

The Third Circuit "does not favor entry of defaults or
default judgments" and has expressed a preference to decide
cases on the merits.  See United States v. $55,518.05 in U.S.
Currency, 728 F.2d 192, 194-95 (3d Cir. 1984); Hritz v. Woma
Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) ("[W]e have repeatedly
stated our preference that cases be disposed of on the merits
whenever practicable.").  In light of the efforts of Priori and

22

Amin to appear in this action and defend this case on the merits, their assertion of a meritorious defense, and the absence of prejudice to Plaintiff, Plaintiff's motion for default judgment as to Priori and Amin will be denied.

**IV.**   **CONCLUSION**

For the reasons set forth above, the United States' motion to be substituted for Defendants Patel, Tomar and Community Health and to dismiss the claims against it will be granted. Plaintiff's motion for default judgment will be denied.  The Court will retain supplemental jurisdiction over the claims against Defendants Priori, Amin and KHS at this time, without prejudice to any party's right to seek remand in the event Plaintiff chooses not to pursue its claims against the United States.

An Order accompanying this Opinion will be entered.

   s/ Noel L. Hillman<br>
NOEL L. HILLMAN, U.S.D.J.

Dated: July 31, 2015

At Camden, New Jersey