**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ESTATE OF LYNETTE SMITH, et al., | : | |
| | : | |
| | : | Civ. A. No. 14-7247 (NLH)(KMW) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| JOSEPH P. RILEY, D.O., et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ESTATE OF LYNETTE SMITH, et al., | : | |
| | : | |
| | : | Civ. A. No. 15-7374 (NLH)(KMW) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH P. RILEY, D.O., et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

THOMAS P. CONNELLY, JR., ESQUIRE
2090 MARLTON PIKE EAST
CHERRY HILL, NJ 08003
      On behalf of Plaintiffs

SCOTT C. BUSHELLI, ESQUIRE
EDWARD I. WICKS, ESQUIRE
STAHL & DELAURENTIS, PC
10 EAST CLEMENTS BRIDGE ROAD
RUNNEMEDE, NJ 08078
      On behalf of Defendants Kidney and Hypertension Specialists,
      P.A., Dr. Elis Priori, M.D. and Dr. Naeem Amin, M.D.

**HILLMAN**, District Judge

Presently before the Court are two motions to dismiss filed by Defendant Kidney and Hypertension Specialists (herein referred to as "KHS") and Defendants Elis Priori and Naeem Amin (collectively with KHS "KHS defendants"). Also before the Court is Plaintiff Lorraine Lemon's motion to vacate certain orders of the state trial court. For the reasons expressed below, Defendants' motions will be granted and Plaintiff's motion will be denied.

## BACKGROUND

Decedent, Lynette Smith, originally filed this action in the Superior Court of New Jersey, Law Division, Cumberland County, on May 22, 2012. (Notice of Removal ¶ 1 [Doc. No. 1.])[1] Decedent's complaint alleged several claims arising from a hysterectomy performed on September 9, 2003. (Compl. [Doc. No. 3-1.]) The original complaint alleged that Defendant Joseph J. Riley, D.O.,

---

[1] The record citations in this Opinion refer to Civ. A. No. 14-7247. It appears that the second matter, Civ. A. No. 15-7374 (NLH)(KMW), arising from the same facts as Civ. A. No. 14-7247 was opened by the Clerk when the Plaintiff filed a complaint alleging a new claim of bystander liability. Since the Estate had already been substituted in as the plaintiff in the earlier removed action it is unclear why the new complaint was not filed as an amended complaint in Civ. A. No. 14-7247, or leave sought to do so. The parties will be ordered to show cause why the two matters should not be consolidated for all purposes and the latter filed action dismissed.

performed the surgery and allowed Smith to be released from the operating room with a metallic surgical suture or clamp remaining in her body.  (Compl. ¶ 25 [Doc. No. 3-1.])  This error allegedly caused Decedent to suffer urinary retention and complete failure of her left kidney.  (Id. ¶ 26.)

Subsequent to the hysterectomy, Decedent sought medical treatment from her primary care physicians, Defendants Community Health Care Inc., Hasmukhbai Patel, M.D., and Raghuraj Tomar, M.D., for complaints of abdominal pain, nausea, constipation and thirst.  (Id. ¶¶ 44, 45.)  Despite her symptoms, which were allegedly indicative of renal insufficiency or renal failure, Community Health, Drs. Patel and Tomar did not refer her to a kidney specialist or nephrologist and did not conduct diagnostic tests which would have revealed renal insufficiency.  (Id. ¶ 47.)

In 2008, Decedent sought medical attention at South Jersey Healthcare for the same symptoms where she underwent a CT scan for suspected renal failure.  (Id. ¶ 48.)  Decedent was then referred to KHS, where Defendants Priori and Amin were employed, and although the surgical clamp was detected on her left side, she was told that her failing left kidney was the result of other ailments.  (Id. ¶ 52.)

However, in early 2011, Decedent sought medical attention at South Jersey Healthcare's emergency room, at which time an

3

unknown physician advised her that her kidney failure may have been due to the surgical clamp, and not solely due to other ailments. (Id. ¶ 29.) Decedent thus alleged in the original complaint that Defendants Priori and Amin failed to order several necessary diagnostic tests, which led to a worsening of her condition. (Id. ¶¶ 54-60.)

On January 7, 2013, in the state court action Defendants Priori and Amin moved for dismissal. The claims against Defendants Priori and Amin were dismissed from the state court action on the basis of Decedent's failure to timely obtain an affidavit of merit. On January 20, 2014, Decedent died due to complications of kidney failure. (Am. Compl. ¶¶ 2-3 [Doc. No. 34.])

On February 28, 2014, Decedent's mother, Plaintiff Lorraine Lemon, filed an amended complaint substituting as plaintiff the Estate of Lynette Smith and adding claims for wrongful death, survivorship, and negligent infliction of emotional distress. Defendants Priori and Amin were again named as Defendants in the Amended Complaint, and the Amended Complaint was served on these Defendants' counsel via certified mail on February 28, 2014. The Amended Complaint was served on KHS directly via certified mail on the same day.

On November 20, 2014, the United States removed the case to federal court.  The notice of removal was supported by a Certification by the United States Attorney's Office for the District of New Jersey stating that Defendants Community Health Care, Patel and Tomar were "acting within the scope of their employment as employees of the United States at the time of the conduct alleged in the Complaint."  (Cert. of Scope of Fed. Employment [Doc. No. 1-6.])  The United States moved to substitute itself as a defendant and dismiss the complaint against it on the ground that Plaintiff failed to exhaust administrative remedies as required under the Federal Tort Claims Act.  [Doc. No. 2.]  The Court granted the United States' motion and dismissed the complaint without prejudice.  [Doc. No. 24.] United States has since re-entered appearances subsequent to Plaintiff's service of her Amended Complaint.  [Doc. Nos. 34, 48.]

Approximately one year after Plaintiff served the KHS Defendants, Plaintiff requested the entry of default against these Defendants for their failure to respond to the Amended Complaint.  [Doc. Nos. 7, 8.]  Default was entered as to Defendants Priori and Amin on March 4, 2015, and as to KHS on March 9, 2015.  On March 12, 2015, Plaintiff filed a motion for default judgment as to Defendants KHS, Priori, and Amin.

Counsel entered an appearance on behalf of the defaulting defendants on March 19, 2015 and opposed the motion for default judgment. [Doc. Nos. 11, 13.] The Court denied Plaintiff's motion for default judgment and reasoned that because the case against Priori and Amin was dismissed by the state trial court, had they been the only defendants, the case would have been closed. (July 31, 2015 Order [Doc. No. 24.]); Smith v. Riley, No. 14-7247, 2015 WL 4615913, at *7 (D.N.J. July 31, 2015). When Plaintiff "amended the complaint to assert a wrongful death claim . . . Plaintiff essentially brought Priori and Amin in as new parties" and therefore would be required to serve process upon Priori and Amin in accordance with N.J. Ct. R. 4:4-4. Id. Defendants Priori, Amin, and KHS were served on October 23, 2015. [Doc. No. 38.] Defendants Priori, Amin, and KHS now move for dismissal pursuant to Fed R. Civ. P. 12(b)(6). [Doc. Nos. 42, 43.] Additionally, Plaintiff moves for the Court to vacate certain state trial court orders. [Doc. No. 44.]

## JURISDICTION

The Court exercises jurisdiction on grounds that the United States is a defendant and that the federal district courts "have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or

death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See 28 U.S.C. § 1346(b)(1).  The Court exercises supplemental jurisdiction over Plaintiff's state law claims against the non-federal defendants pursuant to 28 U.S.C. § 1367.

## MOTION TO DISMISS STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings

7

give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Baldwin Cnty. Welcome Ctr. v. Brown</u>, 466 U.S. 147, 149-50 n. 3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 563 n. 8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); <u>see also Ashcroft v. Iqbal</u>, 556 U.S. 662, 684 (2009)("Our decision in <u>Twombly</u> expounded the pleading standard for 'all civil actions' . . . ."); <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009)("<u>Iqbal</u> . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before <u>Twombly</u>.").

In reviewing a Rule 12(b)(6) motion, a court must only consider the facts alleged in the pleadings, the documents attached to or specifically referenced in the complaint if the claims are based on those documents, and matters of judicial notice. <u>S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.</u>, 181 F.3d 410, 426 (3d Cir. 1999); <u>In re Bayside Prison Litig.</u>, 190 F.Supp.2d 755, 760 (D.N.J. 2002); <u>see also Winer Family Trust v. Queen</u>, 503 F.3d 319, 327 (3d Cir. 2007).

## DISCUSSION

I.   **Medical Malpractice Resulting in Wrongful Death & Survivorship (Counts I-II)**

The Court finds that Plaintiff has failed to state a claim for a wrongful death and survivorship action against Defendants Priori and Amin because Decedent did not have a viable personal injury claim against them at the time her death.  Further, Plaintiff is collaterally estopped from re-litigating the issue of Priori and Amin's liability because the state trial court dismissed Decedent's personal injury medical malpractice case based on the same alleged negligent acts.  The dismissal was with prejudice and therefore constituted a finding on the merits prohibiting Decedent from bringing future claims against the same defendants arising from the same alleged acts.

**A. Background New Jersey Law**

Under New Jersey Law, wrongful death and survivorship claims are each created by statute.  A plaintiff may bring a wrongful death action:

> When the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury, the person who would have been liable in damages for the injury if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured and although the death was caused under circumstances amounting in law to a crime.

9

N.J.S.A. § 2A:31-1.  The Court recognizes that a wrongful death claim and a medical malpractice claim are independent claims.[2] However, the law requires that a decedent have a viable personal injury claim at the time of death in order for a wrongful death beneficiary to bring a claim.  Gunter v. Twp. of Lumberton, No. 07-4839, 2012 WL 2522883, at *11 (D.N.J. June 29, 2012) aff'd, 535 F. App'x 144 (3d Cir. 2013).  Thus, to state a claim for wrongful death, Plaintiffs must assert: (1) that the decedent's death was caused by a wrongful act, and (2) that the decedent would have been able to maintain an action for damages had they survived.  Id. at *11 (citing Miller v. Estate of Sperling, 166 N.J. 370, 741 (2001)).

Although a survivorship claim and a wrongful death claim are similar, the two types of claims are aimed at repairing different damages.  "The Survivor's Act, N.J.S.A. 2A:15-3, permits, for the benefit of the decedent's estate, an appointed representative to file any personal cause of action that decedent could have brought had he lived."  Aronberg v. Tolbert, 207 N.J. 587, 593 (2011)(citing Smith v. Whitaker, 160 N.J. 221, 233 (1999)).  In short, the survivorship action preserves "the right of action

---

[2] "A claim for wrongful death is independent of a claim for malpractice."  Miller v. Estate of Sperling, 166 N.J. 370, 386-87 (2001).

which the deceased himself would have had to redress his own injuries." <u>Aronberg</u>, 207 N.J. at 593.

In summary, both wrongful death and survivorship claims require the decedent to have had a viable claim if death had not occurred.  A plaintiff essentially steps into a decedent's shoes to recover for the tortious acts committed against the decedent. Accordingly, here, in order for Plaintiff to state a claim for wrongful death or survivorship based on medical malpractice, Plaintiff must demonstrate that Decedent could have brought a viable claim for medical malpractice had she not died.

In the state court proceedings, Decedent failed to file a sufficient affidavit of merit within the statutory period, and accordingly, the state trial court dismissed the claims with prejudice pursuant to the affidavit of merit statute.  This constituted a finding on the merits prohibiting Decedent from bringing future claims against the same defendants arising from the same alleged acts.

### B. Collateral Estoppel Or Issue Preclusion

This Court also determines that Plaintiff's wrongful death and survivorship claims, although independent from a personal injury claim, are barred by principles of collateral estoppel or issue preclusion.  Plaintiff's claims underlying her wrongful death and survivorship actions take the form of a medical

11

malpractice action.  "A malpractice action is based on the improper performance of a professional service that deviated from the acceptable standard of care."  Zuidema v. Pedicano, 373 N.J. Super. 135, 145, 860 A.2d 992, 998 (App. Div. 2004) (collecting cases).  To state a claim for medical malpractice a plaintiff "must establish by expert testimony the applicable standard of care owed by a physician to a patient, a deviation from that standard of care, and that the deviation proximately caused the injuries."  Id.  (citing Verdicchio v. Ricca, 179 N.J. 1, 23 (2004)).

Notably, prior to Decedent's death, she brought a medical malpractice action that alleged the same negligent acts pled in Plaintiff's amended complaint.  The state trial court dismissed with prejudice Decedent's medical malpractice case for failure to comply with the affidavit of merit statute.[3]  This "dismissal with prejudice constitutes an adjudication on the merits as fully and completely as if the order had been entered after trial." Cornblatt v. Barow, 153 N.J. 218, 243 (1998).  Such a dismissal

---

[3] "Failure to file an affidavit of merit concerning a specific defendant constitutes a failure to state a cause of action against that defendant." Petition of Hall By & Through Hall, 147 N.J. 379, 390 (1997) (citing N.J.S.A. 2A:53A-29).  Absent "extraordinary circumstances," a court should dismiss the cause of action with prejudice for failure to comply with the affidavit of merit statute.  Cornblatt v. Barow, 153 N.J. 218, 708 A.2d 401, 413 (1998).

"concludes the rights of the parties as if the suit had been prosecuted to final adjudication adverse to the plaintiff." Id.; see also Balthazar v. Atl. City Med. Ctr., 137 F. App'x 482, 489 (3d Cir. 2005) (citing Velasquez v. Franz, 123 N.J. 498, 507 (1991) (finding that a dismissal with prejudice for want of an affidavit of merit is an adjudication on the merits as fully and completely as if the order had been entered after trial)).  Thus, the state court judgment constitutes a finding that Defendants Priori and Amin were not liable for their alleged acts of medical malpractice.

The Court does not find persuasive Plaintiff's arguments that New Jersey Supreme Court precedents do not require a decedent to have a viable claim for personal injury prior to death and that prior judgments do not estop wrongful death beneficiaries from proceeding on their claims.[4]

---

[4] Plaintiff's letter brief cites to Miller v. Estate of Sperling, 166 N.J. 370 (2001), however, it is distinguishable from the present case.  In Miller, the court allowed a plaintiff to proceed with a wrongful death action despite the fact that the decedent never brought a personal injury claim in her lifetime and such claims were barred by the statute of limitations.  Id. at 373.  Here, however, an action was brought by decedent that resulted in a final judgment on the merits, and thus, the principle of collateral estoppel applies.
      Plaintiff also cites to Alfone v. Sarno, 87 N.J. 99 (1981) overruled on other grounds by LaFage v. Jani, 166 N.J. 412 (2001).  In Alfone, the court found that a plaintiff's wrongful death action was not barred by a successful personal injury action brought by decedent prior to death.  Id. at 102.  Although the court allowed the action, it applied the principles of res

Collateral estoppel, or issue preclusion, "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).  The purpose of precluding "parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979) (footnote omitted).

With regard to issues first presented to a state tribunal, the federal courts have consistently given preclusive effect to issues decided by state courts, and, thus "res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." Allen v. McCurry, 449 U.S. 90, 95-96 (1980); see also 28 U.S.C. § 1738 (providing that the

---

judicata and recognized that a defendant should be bound by the prior resolution of substantive issues concerning liability arising from a single act. Id. at 110-11.  Here, although opposite facts are before the Court because Decedent was unsuccessful in her personal injury action, this case still applied collateral estoppel to wrongful death claims.

rulings of state courts "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state . . . from which they are taken").

In determining the preclusive effect of a state court judgment, the Court applies the rendering state's law of issue preclusion.  See Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 381 (1985).  Thus, whether Plaintiff's wrongful death and survivorship suit is precluded turns on the law of New Jersey.  Under New Jersey law, in order for the doctrine of collateral estoppel to apply to foreclose the relitigation of an issue, the party asserting the bar must show that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.  Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511 (2006) (citation omitted); see also In re Liquidation of Integrity Ins. Co./Celotex Asbestos Trust, 214 N.J. 51, 67 (2013).

Defendants Priori and Amin contend that the state trial court considered and ruled upon the same issues Plaintiff has raised in her current complaint, and, therefore, Plaintiff is precluded from relitigating those issues here.  Thus, the Court must look at the substance of Plaintiff's claims, and determine whether the state trial court already addressed the issues underlying her claims.  In Plaintiff's amended complaint, she claims that Defendants Priori and Amin deviated from the standard of care by not ordering appropriate tests, which ultimately led to a worsening of Decedent's condition.  These very same allegations also served as the basis for Decedent's personal injury negligence claims against Defendants Priori and Amin.

The state trial court dismissed the action with prejudice which constitutes a finding on the merits as fully and completely as if the order had been entered after trial.  See Cornblatt, 153 N.J. at 243; Balthazar, 137 F. App'x at 489.  Thus, the issue of Defendants Priori and Amin's liability was actually litigated in the state court proceeding.  See Cornblatt, 153 N.J. at 243; Balthazar, 137 F. App'x at 489.  Accordingly, Plaintiff cannot seek recovery from Defendants Priori and Amin on the same basis through this new action.  The issues raised here are identical to the ones Decedent raised in the prior action, those issues were fully litigated, and they were subject to, and essential to, the

16

prior final judgments.  Further, Plaintiff is in privity with
Decedent.  See Alfone v. Sarno, 87 N.J. 99, 111 (1981) overruled
on other grounds by LaFage v. Jani, 166 N.J. 412 (2001)
("[W]rongful death beneficiaries can be said to be "in privity"
with the decedent or successors in interest to the extent that
their interests overlap with those of the decedent); see also
Zirger v. Gen. Acc. Ins. Co., 144 N.J. 327, 339 (1996)
("Generally, one person is in privity with another and is bound
by and entitled to the benefits of a judgment as though he was a
party when there is such an identification of interest between
the two as to represent the same legal right . . . .") (quoting
Moore v. Hafeeza, 212 N.J. Super. 399, 403-04, 515 A.2d 271 (Ch.
Div. 1986)).  As such, the issue clearly meets the issue
preclusion test, and Plaintiff's claims based on those issues are
therefore barred.

    The Court finds that Plaintiff has failed to state a
wrongful death or survivorship claim because the issue of
Defendants Priori and Amin's liability pertaining to the alleged
facts has been decided in previous judgment and therefore her
claims are barred under the principles of collateral estoppel.
The malpractice liability of Defendants Priori and Amin is an
essential element of Plaintiff's wrongful death and survivorship
claim, therefore, Plaintiff's inability to plead such elements

constitutes a failure to state a claim.  Because the Court finds that Plaintiff has failed to state claims for both a wrongful death action and a survivorship action against Defendants Priori and Amin, Plaintiff's respondeat superior claims against Defendant KHS also fail.[5]  Allowing a plaintiff to repackage a decedent's failed personal injury claims as a wrongful death or survivorship action effectively provides a second bite at the apple and would require courts to entertain litigation of previously settled matters.  For the forgoing reasons, the Court will grant both Defendant KHS and Defendants Priori and Amin's motions to dismiss.

## II. Negligent Infliction of Emotional Distress Claim (Count III)

The Court finds that Plaintiff has failed to state a claim for negligent infliction of emotional distress based on the misdiagnosis of Decedent because Plaintiff did not witness the misdiagnosis.  Further, the misdiagnosis was not cotemporaneous

---

[5] "Under respondeat superior, an employer can be found liable for the negligence of an employee causing injuries to third parties, if, at the time of the occurrence, the employee was acting within the scope of his or her employment."  Carter v. Reynolds, 175 N.J. 402, 408-09 (2003)(citing Lehmann v. Toys 'R' Us, Inc., 132 N.J. 587, 619 (1993)).  "To establish a master's liability for the acts of his servant, a plaintiff must prove (1) that a master-servant relationship existed and (2) that the tortious act of the servant occurred within the scope of that employment."  Id. at 409.  Here, because it was determined that no tortious act occurred, Plaintiff failed to state a claim against Defendant KHS based on a theory of respondeat superior.

to an immediate and shocking event, which is required to proceed on such claims.

Under New Jersey law, a plaintiff can recover for the negligent infliction of emotional distress in the absence of physical injury, if he or she can prove "(1) the death or serious physical injury of another caused by defendant's negligence; (2) a marital or intimate, familial relationship between plaintiff and the injured person; (3) observation of the death or injury at the scene of the accident; and (4) resulting severe emotional distress." Portee v. Jaffee, 84 N.J. 88, 101 (1980). The Portee Court recognized that "the death or serious injury of an intimate family member will always be expected to threaten one's emotional welfare . . ., however, only a witness at the scene of the accident causing death or serious injury will suffer a traumatic sense of loss that may destroy his sense of security and cause severe emotional distress." Id. at 99. Effectively, the New Jersey Supreme Court limited recovery "to negligent conduct which strikes at the plaintiff's basic emotional security." Id.

While New Jersey law does not bar negligent infliction of emotional distress claims that are predicated on the misdiagnosis of a family member, such claims are only recognized when a negligent act is cotemporaneous to an immediate and shocking event. Frame v. Kothari, 115 N.J. 638, 649 (1989).

Specifically, the New Jersey Supreme Court in Frame found that "if a family member witnesses the physician's malpractice, observes the effect of the malpractice on the patient, and immediately connects the malpractice with the injury" it could be a shocking event and may be sufficient to allow recovery for the family member's emotional distress. Id. The Court reasoned that "[b]y its nature, diagnosis is an intellectual undertaking," and therefore, "the observing family member will not be exposed to the harm of seeing a healthy victim one moment and a severely injured one the next." Id. at 644-45. Further, "[g]rief over the gradual deterioration of a loved one, as profound as that grief may be, often does not arise from a sudden injury" allowing the observer "time to make an emotional adjustment." Id. at 645.

Here, Plaintiff failed to allege that she was ever present at KHS Defendants' offices. Thus, she has failed to allege that she observed the alleged malpractice of KHS Defendants. As recovery for the negligent infliction of emotional distress to a witness of a misdiagnosis or act of medical malpractice requires a plaintiff to actually observe the alleged malpractice, Plaintiff has failed to state a claim.

Even if Plaintiff was present at KHS Defendants' office and assuming arguendo that one or all KHS Defendants committed malpractice, any injury suffered by Decedent was neither shocking

nor immediate in nature.  Therefore, Plaintiff would still fail to state a viable claim because New Jersey law only allows for recovery when a misdiagnosis or an act of medical malpractice results in shocking and immediate harm to a family member. Plaintiff did not observe her daughter healthy at one moment and a severely injured the next, but rather she observed her daughter's slow and gradual deterioration.  The Court sympathizes with Plaintiff and acknowledges that a loved one's death is emotionally challenging; however, a slow and gradual deterioration of a family member's health resulting in death, as was the case here, allows time for emotional adjustment. Accordingly, the Court will grant KHS Defendants' motion to dismiss with respect to Plaintiff's negligent infliction of emotional distress claims.

## MOTION TO VACATE STATE TRIAL COURT ORDERS

Because the Court will dismiss all claims against Defendants, Plaintiff's motion to vacate the two orders of the state trial court[6] is moot.  Thus, the Court will deny Plaintiff's motion.

---

[6] The two orders at issue are (1) the January 25, 2013 order dismissing Decedent's (Lynette Smith) complaint against Defendants Priori and Amin with prejudice and (2) the January 11, 2013 order dismissing Decedent's complaint against Defendant KHS without prejudice.  [Doc. No. 44].

<u>**CONCLUSION**</u>

Consequently, for the reasons expressed above, both Defendants KHS and Defendants Priori and Amin's motions to dismiss will be granted.  Plaintiff's motion to vacate certain orders of the state trial court will be denied.


Date: June 15, 2016                          s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

22